UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17 (12/10 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand

Before the Court is a motion to remand for lack of subject matter jurisdiction filed by Plaintiff Michael Archuleta ("Plaintiff"). *See* Dkt. # 17 ("*Mot.*"). Defendant HITCO Carbon Composites, Inc. ("HITCO") has opposed this motion, *see* Dkt. # 19 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 20 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **DENIES** Plaintiff's motion.

I.   Background

On July 19, 2018, Plaintiff filed this wage and hour putative class action against Defendant HITCO and Defendant Avcorp Composite Fabrication Inc. ("Avcorp") in Los Angeles County Superior Court. *See Complaint*, Dkt. # 1-1 ("*Compl.*"). In the complaint, Plaintiff asserts causes of actions against both defendants for (1) failure to pay overtime wages, *id.* ¶¶ 29–33; (2) failure to pay minimum wages, *id.* ¶¶ 34–38; (3) failure to provide meal periods, *id.* ¶¶ 39–43; (4) failure to pay all wages upon termination, *id.* ¶¶ 46–55; (5) failure to provide accurate wage statements, *id.* ¶¶ 56–64; and (6) unfair competition, *id.* ¶¶ 65–69. On behalf of his proposed classes,[1] Plaintiff seeks damages, liquidated damages for unpaid wages, restitution, penalties, and attorney's fees. *Id.* 14:18–15:8.

On September 19, HITCO removed the case to this Court. *See* Dkt. # 1 ("*NOR*"). The Notice of Removal alleged federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *Id.* ¶ 4; *see also* 28 U.S.C. § 1332(d). To satisfy CAFA's jurisdictional requirements, HITCO asserted that the proposed class contains at least 100 members, *NOR* ¶ 27; that minimal diversity exists because Plaintiff is a citizen of California and HITCO is a citizen of

---

[1] Plaintiff has proposed four classes: a non-exempt employee class, a meal period class, a late pay class, and a wage statement class. *See Compl.* ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

Delaware and North Carolina, *id.* ¶¶ 16–19; and that the amount in controversy exceeds $5 million, *id.* ¶¶ 20–26, 28–49.

As Plaintiff did not expressly plead a specific amount of damages in his complaint, HITCO calculated its own estimate of the potential damages based on Plaintiff's allegations. *See id.* On Plaintiff's claims for failure to pay overtime and minimum wages (first, second, and sixth causes of action)—which are based at least in-part on allegations that Defendants improperly rounded employees' time—HITCO estimated that $225,316 is in controversy. *See id.* ¶¶ 29–35. On Plaintiff's claim for liquidated damages for failure to pay minimum wage (second and sixth causes of action), HITCO estimated that $67,815.20 is in controversy. *Id.* ¶¶ 36–39. On Plaintiff's claim for failure to provide meal breaks (third and sixth causes of action), HITCO estimated that $3,004,213.61 is in controversy. *Id.* ¶¶ 40–43. On Plaintiff's claim for waiting time penalties for failing to pay wages to former employees within the required time (Fourth and Sixth causes of action), HITCO estimated that $1,576,684.80 is in controversy. *Id.* ¶ 45. Finally, on Plaintiff's claim for providing inaccurate wage statements (fifth and sixth causes of action), HITCO estimated that $113,500 is in controversy. *Id.* ¶¶ 46–47. In sum, HITCO estimated that Plaintiff seeks $4,987,529.16 in damages and penalties on behalf of his proposed classes. *Id.* ¶ 48. On top of that, HITCO estimates that Plaintiff will seek 25 percent of this amount in attorneys' fees ($1,246,882.29) bringing the total amount in controversy to $6,234,411.45—more than the $5 million threshold for CAFA jurisdiction. *Id.* ¶ 49.

Plaintiff now moves to remand, arguing that HITCO has "fail[ed] to provide competent proof demonstrating that the amount in controversy exceeds the jurisdictional amount[]" of $5 million.[2] *Mot.* 8:3–6. Specifically, Plaintiff takes issue with some of the assumptions HITCO made in its calculations and argues that they are not adequately supported by evidence. *See id.* 8:12–10:28.

---

[2] After initially reviewing the complaint and Plaintiff's motion, the Court was concerned about another potential jurisdictional issue. It ordered Defendants to disclose whether Avcorp is a citizen of California so the Court could determine whether the "local controversy exception" to CAFA applied. *See* Dkt. # 18; *see also* 28 U.S.C. § 1332(d)(4)(A)(i) (local controversy exception). In response, HITCO informed the Court that Avcorp is a Delaware corporation with its principal place of business in British Columbia, Canada. *See Opp.* 24:14–19. Because Avcorp is not a California citizen, the Court is satisfied that the local controversy exception to CAFA does not apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

II.   Legal Standard

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. 547 at 553. Additionally, the Supreme Court has clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required." *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. Ultimately, the defendant bears the burden of proving that the amount in controversy is met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

III.   Discussion

The Court addresses each of Plaintiff's arguments for why HITCO has not met its burden of showing that at least $5 million is in controversy.

   A.   HITCO's Evidence

In support of the calculations in its notice of removal, HITCO has submitted a declaration from Sherry Peterson, the head of human resources for the "grandparent company" of HITCO. *See* Dkt. # 19-3 ("*Peterson Decl.*"), ¶ 2. In the declaration, Peterson attests that HITCO's payroll data was reviewed under her supervision to determine the number of employees who worked for HITCO during the relevant limitations periods, the numbers of employees who left their employment during those periods, the number of days each employee worked, the recorded hours per workday by each employee, the number of wage statements issued to each employee, and the average hourly rate of pay for each of the employees. *Id.* ¶ 4. Her summary of that data

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

matches the figures HITCO relied upon in its notice of removal: at least 474 employees worked for HITCO in the four years leading up to the filing of the complaint; the employees worked an aggregate of 169,538 days during that period and each regularly worked shifts lasting more than six hours per day; 372 of those employees left their employment during the three years prior to the filing of the complaint; the employees were paid an average of $17.66/hour in the three-year period leading up to this case and $17.72/hour in the four years prior; the employees worked an average of 11.65 hours per workday; and the employees were provided a total of 1,161 wage statements.[3] *Id.*

This Court has routinely accepted similar declarations from human resources professionals as credible evidence to establish CAFA removal. *See Alvarez v. Office Depot*, No. CV 17-7220 PSG (AFMx), 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017); *Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2–4 (C.D. Cal. Oct. 26, 2017); *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *3 (C.D. Cal. June 29, 2017); *Dawson v. Hitco Carbon Composites, Inc.*, No. CV 16-7337 PSG (FFMx), 2016 WL 7235629, at *2 (C.D. Cal. Dec. 14, 2016). To the extent that Plaintiff takes issue with the fact that HITCO has submitted its evidence through Peterson's declaration, the Court concludes that the declaration was a proper mechanism for conveying the evidence contained in it. As Plaintiff has presented no evidence contradicting the figures in the Peterson Declaration, the Court finds that HITCO has established those figures by a preponderance of the evidence. The Court now turns to Plaintiff's arguments that these figures do not support the violation rates HITCO assumed when calculating the amount in controversy.

      B.      <u>Overtime and Minimum Wage Claims</u>

The complaint alleges that the putative class members were not paid "wages for all time worked, including overtime wages, as a result of, including but not limited to, [Defendant] improperly rounding time worked by its employees." *Compl.* ¶ 14. In calculating the amount in controversy on this claim, HITCO assumed that each employee will claim to have worked at least three minutes (0.05 hours) of unpaid time per day. *See NOR* ¶ 33. Based on that assumption, it calculated that the class members would claim to be owed a total of $225,316 in

---

[3] HITCO has also produced materials suggesting that an additional $7.9 million is in controversy for Defendant Avcorp, leading to a total amount in controversy of more than $14 million. *See Opp.* 25; *Declaration of Hattie Harrison*, Dkt. # 19-2. But because HITCO makes only a cursory mention of the Avcorp figures in its brief and does not appear to be relying on them, the Court relies only on the evidence pertaining to Defendant HITCO in determining the amount in controversy in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

unpaid overtime and minimum wages (169,538 workdays x $26.58 average overtime rate[4] x 0.05 unpaid hours/day). *Id.* ¶ 34.

Plaintiff argues that the assumption of three unpaid minutes per day is unreasonable, calling it "a speculative attempt to inflate damages in the hope of meeting the jurisdictional threshold." *Mot.* 16:19–23. He complains that HITCO has failed to produce evidence supporting the three-minute assumption and that the assumption is unrealistic. *See id.* 15:4–16:27.

Plaintiff relies on *Garibay v. Archstone Cmtys. LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) for his argument that HITCO must produce evidence supporting its assumption of three minutes of unpaid time per day. But as other courts have recognized, the Ninth Circuit's nonprecedential decision in *Garibay* is hard to square with its published and precedential decision in *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 396, 400 (9th Cir. 2010), which held that a defendant does not have to *prove* a plaintiff's damages at this stage because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability." *See Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040–41 and n.4 (N.D. Cal. 2014) (explaining that *Garibay* and *Lewis* are difficult to fully reconcile). Following *Lewis*, courts have held that defendants who prepare a "well-founded evidentiary record" are entitled to make "reasonable extrapolations" from the allegations in the complaint, and that those extrapolations can establish the amount in controversy if unrebutted by the plaintiff. *See id.* at 1040–41.

Here, HITCO estimated that each class member would claim to have not been paid for three minutes of time per day. This estimate is much lower than other estimates that courts have accepted in determining the amount in controversy in similar cases. *See, e.g., Lucas v. Michael Kors (USA), Inc.*, No. CV 18-1608 MWF (MRWx), 2018 WL 2146403 at *6 (C.D. Cal. May 9, 2018) (twenty-four minutes per day); *Altimirano v. Shaw Indus., Inc.*, No. C-13-939 EMC, 2013 WL 2950600, at *10 (N.D. Cal. Jun. 14, 2013) (six minutes per day). Plaintiff complains that it is not possible to determine whether a three-minute estimate is reasonable without HITCO disclosing the increment it uses to round time (i.e. to the nearest quarter hour or tenth of an hour). *See Reply* 8:13–22. But it is hard to imagine any rounding increment that would render HITCO's objectively low estimate of three minutes of unpaid time per day unreasonable. *See Altimirano*, 2013 WL 2950600, at *10 (finding an estimate of six minutes of lost time per day "rather conservative" when the defendant rounded time in tenth of an hour increments). Further, the Court agrees with other courts that have put significant weight on the fact that the plaintiff has not proffered a better estimate. *See Patel*, 58 F. Supp. 3d at 1042. After all, the question at

---

[4] The overtime rate is 1.5 times the average pay rate for the period of $17.72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

this stage is not how much time Plaintiff was actually not paid for but rather how much time he *alleges* that he was not paid for. *See id.* The knowledge of what the complaint is alleging is "uniquely within Plaintiff's possession," and therefore he "cannot simply sit silent and take refuge in the fact that it is [HITCO's] burden to establish the grounds for federal jurisdiction." *Id.*

Accordingly, the Court finds HITCO's estimate of three minutes of unpaid time per day reasonable. It therefore concludes that HITCO has shown by a preponderance of the evidence that $225,316 is in controversy on the overtime and minimum wage claims.

C. Liquidated Damages

For claims for failure to pay the minimum wage, California law allows courts to award liquidated damages in "an amount equal to the wages unlawfully paid and the interest thereon." Cal. Lab. Code § 1194.2(a). Plaintiff specifically requests liquidated damages in his complaint. *See Compl.* ¶ 38.

Based on its estimate that the class members will claim to have not been paid for three minutes per day, HITCO calculates that $67,815.20 in liquidated damages is in controversy (169,538 work days x 0.05 hours/day x $8.00/hour minimum wage). *See NOR* ¶ 38. Plaintiff argues that the Court cannot assume liquidated damages, because any unpaid time would be "overtime wages and not a minimum wage violation since the rounded minutes would be on shifts greater than 8 hours." *Mot.* 17:2–16. But this is a red herring. While class members might be entitled to overtime wages on this time, they are also entitled to the minimum wage on any time worked. Because the complaint alleges that they were not paid at all for the rounded time, they could be entitled to liquidated damages on the claim that Defendants failed to pay minimum wage. As to Plaintiff's argument that the Court should not consider liquidated damages because they are discretionary, *see Mot.* 17:10–11, Plaintiff specifically requested liquidated damages in his complaint and therefore cannot try to hide from them now. The Court finds that HITCO has shown by a preponderance of the evidence that $67,815.20 in liquidated damages is in controversy.

D. Meal Period Claims

The complaint alleges that Defendants "had a consistent policy" of failing to provide employees with the meal periods required by California law. *See Compl.* ¶ 4. Based on this allegation and others, HITCO estimated that each employee would claim to have missed one meal period per day and therefore be entitled to an additional hour of pay per day at the average rate of $17.72 per hour, totaling $3,004,213.36. *See NOR* ¶ 43.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

Plaintiff takes issue with HITCO's assumption of one violation per day, arguing that it was not reasonable for HITCO to estimate a 100 percent violation rate just because the complaint alleges a "consistent policy of violations." *See Mot.* 17:18–19:8. However, "courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010). Judges in this District have routinely found allegations similar to the "consistent policy" alleged in this case sufficient to justify a 100 percent violation rate assumption. *See Duberry v. J. Crew Group, Inc.*, No. CV 14-8810 SVW (MRWx), 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015) (finding that allegations of a "uniform policy" and "systematic scheme" justified assuming a 100 percent violation rate); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890 GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding that allegations that the defendant "adopted and maintained uniform policies, practices, and procedures" justified assuming a 100 violation rate).

Plaintiff's reliance on *Ibarra*, 775 F.3d at 1198, is misplaced. *See Mot.* 17:28–18:2. There, the court found that a complaint that alleged a "pattern and practice" of wage violations did not justify assuming a 100 percent violation rate, in part because the complaint also alleged that the plaintiff worked overtime hours without pay "on multiple occasions during his employment," suggesting that the violations "occurred several times but not on each and every shift." *Ibarra*, 775 F.3d at 1198–99. Unlike in *Ibarra*, nothing in Plaintiff's complaint here suggests that employees did not miss meal periods during every shift. And again, Plaintiff has not offered any better estimate of the alleged violation rate, despite the fact that he most likely knows at least roughly how often *he* was not afforded the required meal breaks.

Accordingly, the Court finds that the allegations in the complaint are sufficient to support HITCO's estimate of one meal break violation per day. And as Plaintiff takes no other issues with HITCO's calculations, the Court concludes that HITCO has shown by a preponderance of the evidence that $3,004,213.36 is in controversy on the meal break claims.

### E. Waiting Time Penalties

California law provides that if an employer willfully fails to pay the wages of an employee who is discharged or quits, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid . . . but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). The complaint alleges that Defendants "had a practice of not paying upon termination, the wages owed to [employees] as a consequence of overtime wages, minimum wages, and meal period violations." *Compl.* ¶ 49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

The Peterson Declaration provides evidence that 372 employees left their employment with HITCO during the three-year limitations period for waiting time penalties. *Peterson Decl.* ¶ 4. HITCO estimated that each of these employees would bring a claim for the maximum 30 days of waiting time penalties. *See NOR* ¶ 45. At the average hourly wage for the period of $17.66, and conservatively estimating an eight-hour workday (even though the data showed that the average employee worked 11.65 hours/day), HITCO calculated the amount in controversy on the waiting time penalties as $1,576,684.80. *Id.*

Plaintiff argues that it is unreasonable for HITCO to assume that every employee who left the company would be eligible for the maximum 30 days worth of penalties. *See Mot.* 19:10–20:2. But the Court disagrees. The complaint's claim for waiting time penalties appears to be at least in part based on an allegation that Defendants *never* paid the "overtime wages, minimum wages, and meal period violation [payments]" the employees were due. *See Comp.* ¶ 49. Based on this allegation, the Court believes that it was reasonable for HITCO to assume the maximum penalties for all employees. *See Lucas*, 2018 WL 2146403, at *9–10 (finding an assumption of 30 days of penalties reasonable on identical allegations). Accordingly, the Court finds that HITCO has met its burden of showing that $1,576,684.80 is in controversy on the waiting time penalties claims.

   F.   <u>Inaccurate Wage Statement Claim</u>

California law provides that employees who are intentionally provided with inaccurate wage statements can recover statutory penalties in the amount of $50 for an initial violation and $100 for each subsequent violation. *See* Cal. Lab. Code § 226(e). This claim is subject to a one-year statute of limitations. HITCO assumed that the 52 employees it employed in the year prior to the filing of the complaint would claim that every single one of their wage statements was intentionally inaccurate, resulting in total statutory penalties of $113,500 in controversy. *See NOR* ¶ 47. Plaintiff again takes issue with HITCO's assumed 100 percent violation rate.

The Court believes that it is reasonable to assume a 100 percent violation rate given the myriad allegations about widespread rounding and meal period violations. The Court has already found it reasonable for HITCO to assume that employees were underpaid for one meal period per day. To accept the assumption that employees' wage statements were inaccurate during each pay period, one needs only assume that each employee worked at least one day per pay period. *See Lucas*, 2018 WL 2146403, at *9 (finding a 100 percent violation rate on a wage statement claim reasonable on essentially identical facts). While Plaintiff argues that this assumption is unreasonable, he has provided no evidence of his own to undercut it, nor has he proffered a better estimate. *See Reply* 11:24–12:7. Accordingly, the Court finds that a 100

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

percent violation rate is reasonable and that HITCO has adequately shown that $113,500 is in controversy on the wage statement claims.

    G.    <u>Attorneys' Fees</u>

"Attorneys' fees may be factored into an amount in controversy determination where they are available pursuant to the statute or statutes underlying the plaintiff's claims." *Lucas*, 2018 WL 2146403, at *10 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). The statutes Plaintiff sues under allow for attorneys' fees. *See, e.g.,* Cal. Lab. Code § 226(e). However, it is an open question in this circuit as to whether the Court may consider attorneys' fees that are anticipated to be incurred over the course of the suit or only those that have been incurred as of the removal date in deciding whether the amount in controversy requirement is satisfied. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016). Circuit and district courts have split on the issue. *See Lucas*, 2018 WL 2146403, at *10 (describing the split). However, the Ninth Circuit recently held, albeit in evaluating future wages rather than attorneys' fees, that "the amount in controversy is not limited to damages incurred prior to removal . . . . Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on the complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). The Court agrees with the decision in *Lucas*, which held that *Chavez*'s "broad holding strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees." *Lucas*, 2018 WL 2146403, at *11. Accordingly, the Court finds it appropriate to consider post-removal attorneys' fees in evaluating the amount in controversy.

The Court notes that the amounts in controversy that HITCO has estimated for damages and penalties on the various claims total $4,987,529.16. As explained above, the Court finds that HITCO has established these amounts by a preponderance of the evidence. That means that the Court need only find it reasonable to assume that Plaintiff is seeking at least $12,470.85 in attorneys' fees in order to find that more than $5 million is in controversy. HITCO asks the Court to assume that the amount in controversy on attorneys' fees is $1,246,882.29—which is the "benchmark" 25 percent award for attorneys' fees calculated on a percentage of the recovery basis. *See NOR* ¶ 48 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)). However, the Court does not need to decide whether this is an appropriate method for calculating the fees in controversy because it has little trouble concluding based on its experience in similar wage and hour cases that *at least* $12,470.85 in attorneys' fees is in controversy in this case, which involves more than 400 putative class members and claims for damages and penalties totaling an estimated $4.9 million against HITCO alone.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8106 PSG (FFMx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Michael Archuleta v. Avcorp Composite Fabrication, Inc. | | |

    Accordingly, the Court concludes that HITCO has shown by a preponderance of the evidence that more than $5 million is in controversy.  The Court therefore has jurisdiction under CAFA.  Plaintiff's motion to remand is **DENIED**.

IV.    <u>Conclusion</u>

    For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

    **IT IS SO ORDERED**.